# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

BANK OF NEW YORK MELLON   :   Case No. 3:18-cv-00130
TRUST COMPANY, NATIONAL   :
ASSOCIATION,   :
          :   District Judge Walter H. Rice
          :   Magistrate Judge Sharon L. Ovington
   Plaintiff,       :
          :
vs.           :
          :
DENISE FOSTER,      :
          :
   Defendants.     :

# REPORT AND RECOMMENDATIONS[1]

On April 19, 2018, Denise Foster filed a Notice of Removal of this case from the Montgomery County, Ohio Court of Common Pleas. She asserts that removal is proper based on this Court's federal-question jurisdiction under 28 U.S.C. § 1331 and this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). She also filed an Application to Proceed *in forma Pauperis*, which this Court granted. The case is presently pending for initial review of Foster's Notice of Removal and attached documents to determine whether removal was proper or whether remand to state court is warranted. *See* 28 U.S.C. § 1915(e)(2); *see also Bank of America, N.A. v. Davidson*, No. 1:12cv26, 2012 WL 404870, at *1 (S.D. Ohio 2012) (Litkovitz, M.J.), Report and Recommendation adopted, 2012 WL 403923 (Feb. 8, 2012) (Dlott, D.J.).

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Foster has attached to her Notice of Removal the Complaint in Foreclosure Plaintiff Bank of New York Mellon Trust Company filed in state court. That Complaint together with other documents that Foster has attached to her Notice of Removal explain the following.[2]

Plaintiff is the holder of a Note executed on or near May 30, 2003 by Foster in the amount of $55,000.00. (Doc. #1, *PageID* #s 22, 26). Foster has defaulted on the Note by not making the installment payments due on it. She has consequently defaulted under the Mortgage that secured the Note, leaving a currently due and owing amount of $22,752.88, plus interest, late fees, etc. *Id*. at 22. Plaintiff, as the holder of the Mortgage, holds a "valid first lien upon certain real property in … Dayton, Ohio…." *Id*. at 22-23, 44-60.

On March 15, 2018, the state court issued a Notice of Sale, requiring that the real property at issue be "offered for sale by the Montgomery County Sheriff on April 20, 2018…." *Id*. at 88. Foster filed her Notice of Removal in this Court one day before the scheduled Sheriff's sale.

Foster asserts in her Notice of Removal, "Plaintiff is attempting to illegally take possession of [her] property with an[] unverified complaint." *Id*. at 5. She maintains that she was misled, deceived, deprived of her real property by entities, institutions, and "people claiming that [they] had a right to initiate the foreclosure … by false and forged

---

[2] "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82–83 (6th Cir. 1969)); *see Lyons v. Stovall,* 188 F.3d 327, 333 n. 3 (6th Cir. 1999); *Saint Torrance v. Firstar,* 529 F.Supp.2d 836, 838 n. 1 (S.D. Ohio 2007) (Dlott, D.J.); *Davidson,* 2012 WL 404870, at *1.

documents clouding [her] title." *Id*. at 9. She alleges, "The Wrongful Sale failed to comply with multiple Federal and State Laws by creation of fabricated documents pertaining to fraudulent foreclosure proceedings willfully committed by Third-Party Debt Collectors, posing as alleged beneficiaries who knowingly knew that [her] due process rights would be violated in the State Courts Summary Proceedings." *Id*. She further charges that she sent a letter to the "Debt Collectors," but they never responded. *Id*. She concludes that Plaintiff has violated her rights under the Fair Debt Collection Practices Act and her right to due process under various provisions in the U.S. Constitution, 42 U.S.C. §§ 1981-1983.

\* \* \*

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Foster must therefore show that the present case "originally could have been filed in federal court [and] may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *see Village of Oakwood v. State Bank & Trust Co.,* 539 F.3d 373, 377 (6th Cir. 2008) (defendant carries the burden of showing that removal is proper).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S .C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y & H*

3

*Corp.,* 546 U.S. 500, 501, 126 S.Ct. 1235 (2006).

Although Foster's Notice of Removal advances federal claims, it is not her claims that control whether her removal was proper. Instead, to determine whether federal-question jurisdiction exists, the required removal analysis considers "the 'well-pleaded' allegations of the complaint. Under the well-pleaded complaint rule, the plaintiff 'is master to decide what law he will rely upon.'" *Berera v. Mesa Medical Group, PLLC*, 779 F.3d 352, 357 (6th Cir. 2015) (citations omitted). Examination of Plaintiff's state-court Complaint In Foreclosure does not reveal the presence of a federal question. *See* Doc. #1, *PageID*#s 21-24. Additionally, Plaintiff's state-court case cannot be removed based on a federal defense Foster might seek to raise. *See Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425 ("it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *see also Davidson*, No. 1:12cv26, 2012 WL 404870, at *2 ("even if a defense has been raised in the foreclosure proceeding based on the FDCPA or other federal statute, the existence of such a defense is insufficient to support federal question jurisdiction as a basis for removal….").

Hold on, says Foster, what about the artful pleading doctrine? Under this doctrine, "plaintiffs may not avoid removal by artfully casting there their essentially federal law claims as state-law claims." *Berera*, 779 F.3d at 358. Foster appears to argue that removal is proper because Plaintiff cannot artfully hide its violations of the FDCPA or the Constitution by raising only state-law claims in its Complaint In Foreclosure. *See*

Doc. #1, *PageID*#s 8-10. Yet, this does not make sense because Foster—not Plaintiff—is attempting to raise a claim under the FDCPA, concerning Plaintiff's alleged debt collections activities. This is not the situation contemplated by the artful-pleading doctrine under which a plaintiff is attempting to use state law to camouflage a federal claim against a defendant. *See Berera*, 779 F.3d at 358; *cf. Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction."); *cf. also Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007) (notice of FDCPA information attached to state-court complaint insufficient to show artful pleading). As a result, neither the artful-pleading doctrine nor federal-question jurisdiction supports Foster's attempt to remove this case from state court.

Foster likewise faces a hurdle in her attempt to invoke this Court's diversity jurisdiction. "A civil action otherwise removable solely on the basis of jurisdiction under [28 U.S.C. §] 1332 … may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Foster, a defendant in state court and in this court, acknowledges that she is a resident and citizen of Ohio for purposes of diversity jurisdiction. (Doc. #1, *PageID*#s 7-8). Her removal attempt is therefore improper. *See* 28 U.S.C. § 1441(b)(2); *see also Chase Manhattan Mortg.*, 507 F.3d at 914; *Davidson*, No. 1:12cv26, 2012 WL 404870, at *1.

Lastly, Foster's Notice of Removal is untimely by a long shot. A defendant removing an action to federal court must file a notice of removal "within 30 days after the

receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The 30–day period in § 1446(b)(1) starts to run only if the initial pleading contains "solid and unambiguous information that the case is removable." *Berera*, 779 F.3d at 364. The factual allegations in Plaintiff's Complaint are the same factual allegations upon which Foster now grounds her claims under the FDCPA and other federal laws. The information was no less solid and unambiguous then than it is today. Consequently, Foster cannot reasonably argue that she did not know the grounds for her present federal claims when Plaintiff filed its Complaint in Foreclosure on August 20, 2015. Foster filed her Notice of Removal in this Court more than 30 days later—indeed, more than 31 months later—on April 19, 2018. Her Notice of Removal is therefore untimely.

### IT IS THEREFORE RECOMMENDED THAT:

1. This case be REMANDED to the Montgomery Count, Ohio Court of Common Pleas pursuant to 28 U.S.C. §§ 1447(c) and 1915(e)(2); and

2. The case be terminated on the Court's docket.


April 25, 2018                    *s/Sharon L. Ovington*
                                  Sharon L. Ovington
                                  United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **SEVENTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **SEVENTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).